UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Gamble, #344426, *a/k/a Charles Edward Gamble, Jr.,*  Plaintiff,  vs.  Warden Kenneth Nelson, Warden Tonya James, Ms. Hendrix, and Dr. Kevin Burnham  Defendants. | ) C/A No. 4:22-2341-TLW-TER ) ) ) ) ) ) Report and Recommendation ) ) ) ) |

This is a civil action filed by a state prisoner, proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff's Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute

allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id*. ; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

On August 4, 2022, Plaintiff was informed via court order of deficiencies in his Complaint that would subject his Complaint to summary dismissal and was given an opportunity to file an

Amended Complaint and forewarned the Amended Complaint would wholly replace the original Complaint. (ECF No. 7). Plaintiff did avail himself of the opportunity and filed an Amended Complaint(ECF No. 13) which remains with deficiencies. Plaintiff's action is subject to dismissal for failure to state a claim upon which relief can be granted.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.[1] Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999). Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff was previously informed that the original complaint was unclear who Plaintiff intended to sue as defendants and that the Caption page(page 1) needed to match the Defendants listed in the body of the Complaint(pages 2-3). Plaintiff failed to heed this instruction when the Amended Complaint was filed, and defendants remain unclear. Despite only two defendants(the wardens) being on the caption page, the court construes the additional defendants listed on pages two and three of the form; thus, Defendants are: Nelson, James, Hendrix, and Burnham. (ECF No. 13 at 1-3).

---

[1] Plaintiff indicates neither § 1983 and *Bivens* as jurisdictional basis but other answered questions indicate intent to pursue a § 1983 action. Plaintiff does reference the FTCA numerous times; however, none of the defendants named are employees of the United States and the United States is not a defendant. (ECF Nos. 13, 13-1).

Plaintiff does not make factual allegations specifically as to the named individual defendants. In order to assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights). Plaintiff here must demonstrate that the official personally caused or played a role in causing the deprivation of a federal right. *See Graham*, 473 U.S. at 166 and *Harris v. City of Va. Beach*, 11 Fed. Appx. 212, 215 (4th Cir.2001) (affirming dismissal of the plaintiff's claim against five defendants when the plaintiff did not allege any of the defendants were personally involved in the alleged deprivation of his civil rights). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* Defendants will not know how to respond to conclusory allegations, especially when "the pleadings mentioned no specific time, place, or person involved." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 565 n. 10. (2007). Complaints should contain facts in regard to who did what to whom and when. *Id.* While Plaintiff alleges that he was assaulted on two separate occasions by other prisoners and suffered injuries as a result, Plaintiff alleges for the 2022 incident, he did receive medical with a nurse looking at his injuries and giving him bandages and antibiotic ointment. Plaintiff alleges Defendant Burnham took photos of wounds. (ECF No.

4

13-1 at 3). Plaintiff has failed to state a claim upon which relief can be granted as to Burnham for these allegations. For the 2021 incident, Plaintiff alleges after the assault he was taken to medical but no one was there and he waited two hours to be taken to the hospital. Plaintiff alleges he received x-rays at the hospital and his open wounds bandaged and Plaintiff conclusorily states "I detected sign of deliberate indifference from the doctor at the hospital." (ECF No. 13-1 at 5)(errors in original). Plaintiff has failed to state a claim of constitutional magnitude. Mere negligence, mistake or difference of medical opinion in the provision of medical care to prisoners do not rise to an Eighth Amendment deprivation under the *Estelle* standard. *See Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977); *Lee v. Downs*, 470 F. Supp. 188, 192 (E.D. Va.1979); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

As to Defendants Wardens Nelson and James, to the extent Plaintiff is attempting to allege supervisory liability because of defendants' titles, such defendants are subject to summary dismissal because no facts are alleged as to personal involvement and supervisory liability. In a § 1983 action, Plaintiff must allege that an individually personally acted in alleged violations. Generally, vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a method to create liability of a state-actor supervisor for the acts of his subordinate. *See Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition as long as the facts alleged meet the Fourth Circuit Court of Appeal's three-part test for supervisor liability under § 1983:

> (1)   that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;
> (2)   that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and
> (3)   that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)(citations omitted); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). Further, failure of supervisor to respond to inmate grievance, without additional personal involvement in grieved situation, is not sufficient to establish supervisor's liability under § 1983. *Green v. Beck*, 539 Fed. Appx. 78, 80 (4th Cir. 2013). Plaintiff has not made allegations to support personal action or to meet the exception for supervisory liability.

Many of Plaintiff's allegations revolve around Plaintiff being placed with other "inmates who are not compatible with me." (ECF No. 13-1 at 3). Plaintiff states "why would classification place someone who's born in the 90s with someone who's born in the 80s." (ECF No. 13-1 at 3). Prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control, and the choices of where and how to confine Plaintiff are a determination made by the correctional system and not the courts. *See Wolff v. McDonnell*, 418 U.S. 539, 558–62 (1974). An inmate does not have a constitutional right to be confined in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983). Plaintiff fails to state a claim of constitutional magnitude as to his claims regarding classification.

Plaintiff repeatedly alleges he is missing property after problems with cellmates and transfers. (ECF No. 13-1). Deprivations of property by state employees are not actionable under §

1983 and do not offend due process when adequate post-deprivation state remedies are available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff has remedies under South Carolina law to obtain relief for the alleged taking of his personal property, by proceeding pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15–78–10 et seq. *See Mora v. City of Gaithersburg*, 519 F.3d 216, 231 (4th Cir.2008) (State courts are available for property claims and the State process is constitutionally adequate). Thus, Plaintiff fails to state a claim for violation of his constitutional rights based on the alleged deprivation of his property.

Based on the allegations presented by Plaintiff, Plaintiff has failed to state a claim upon which relief could be granted as to the defendants named. Plaintiff failed to cure the deficiencies in the Complaint and was already given notice and opportunity to file an Amended Complaint. Thus, Plaintiff's action is subject to summary dismissal.

## RECOMMENDATION

It is recommended that the District Court dismiss the Complaint in this case *with prejudice* under § 1915(e) and § 1915A and *without issuance and service of process.*[1]

|  |  |
|---|---|
| September 22, 2022<br>Florence, South Carolina | s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

---

[1] As noted above, Plaintiff has been given an opportunity to amend and has filed an amended complaint. It is recommended that this action be dismissed without leave to amend and that the court enter a final decision in this case. *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022).

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).