IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Gamble, #344426, *a/k/a Charles Edward Gamble, Jr.*, <br><br> PLAINTIFF, <br><br> v. <br><br> Warden Kenneth Nelson, Warden Tonya James, Ms. Hendrix, and Dr. Kevin Burnham, <br><br> DEFENDANTS. | Civil Action No. 4:22-cv-02341-TLW <br><br><br> **Order** |

This is a civil action brought by Plaintiff Charles Gamble, proceeding *pro se* and *in forma pauperis*. ECF No. 13. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and alleges violations of his constitutional rights by Defendants Warden Kenneth Nelson, Warden Tonya James, Ms. Hendrix, and Dr. Kevin Burnham. *Id.* Specifically, Plaintiff alleges that he was assaulted on two separate occasions by other prisoners and suffered injuries as a result. *Id.* at 5–6. As a result, he maintains that his Eighth and Fourteenth Amendment rights were violated by Defendants. *Id.* at 4. This matter now comes before the Court for review of the Report and Recommendation ("Report") filed by United States Magistrate Judge Thomas E. Rogers, III. ECF No. 19. Plaintiff has not filed specific objections to the Report, however, he has filed several other motions and documents including a 37 page "Applicant's Brief" addressing the allegations in his complaint. ECF Nos. 23, 24, 25, 27, 28, & 30. This matter is now ripe for the Court's review.

The Report recommends that the Court dismiss Plaintiff's complaint with prejudice because Plaintiff has failed to state a claim upon which relief could be granted as to the defendants named in his complaint. After Plaintiff filed his original complaint, ECF No. 1, the magistrate judge issued a proper form order directing Plaintiff to file an amended complaint if he still wished to maintain his action. ECF No. 7. The proper form order was thorough and identified numerous factual and legal deficiencies in Plaintiff's complaint and advised Plaintiff how to cure these deficiencies. *Id.* Thereafter, Plaintiff filed an amended complaint, ECF No. 13, yet this complaint largely echoed the first and contained the same previously identified deficiencies. Accordingly, the magistrate judge issued his Report recommending that Plaintiff's complaint be dismissed.

Plaintiff's complaint alleges that he was assaulted by a fellow inmate in March of 2021 in the Lee Correctional Institution and again in the Kershaw Correctional Institution in March of 2022. *Id.* at 5–6. Plaintiff asserts that that the institutions failed to provide enough guards for his protection, that there was no nurse or doctor on duty at the time of his assault, that no one took pictures of his wounds before he was taken to the hospital, and that he had to wait to be transported to the hospital. *Id.* at 5. Plaintiff, however, does not allege that the institutions were on notice of any risk of assault or that he was denied or neglected medical care. He states that he did receive medical care, and he provides no specific allegations related to the number of guards present or not present that would support a finding that there was an insufficient number. Additionally, the Report

identified all of the following factors to support its conclusion that Plaintiff had failed to state a claim: (1) Plaintiff's complaint is unclear as to who exactly Plaintiff intends to sue as Defendants; (2) Plaintiff does not make specific factual allegations against the named individual defendants; (3) Plaintiff has not demonstrated that the officials named in his complaint personally caused or played a role in causing the deprivation of a federal right; (3) Plaintiff has failed to state a claim of constitutional magnitude as relates to his allegations regarding his post-assault provision of medical care; (4) Plaintiff's complaint fails to allege a claim of supervisory liability as to Defendants Wardens Nelson and James because no facts are alleged as to either personal involvement or supervisory liability; (5) Plaintiff's complaint fails to state a claim with regards to his classification status and placement with other prisoners because an inmate does not have a constitutional right to be confined in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution, and (6) Plaintiff's deprivation of property claims are not cognizable § 1983 claims because deprivation of property by state employees is not actionable under § 1983. ECF No. 19 at 2–7.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound

> by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992). (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed the Report, the objections, and relevant filings. As noted *infra*, Plaintiff has not filed specific objections. However, the Court has reviewed his additional filings and 37-page brief in order to ascertain whether they contain proper objections to the Report. These documents merely recite the allegations of Plaintiff's Complaint and neither address nor cure the deficiencies identified in the Report. After careful consideration, the Court concludes that the Plaintiff's additional filings offer no showing, either factually or legally, that the Report should not be accepted. However, the Court concludes that dismissal in this instance should be without prejudice. Therefore, **IT IS ORDERED** that the Report, ECF No. 19, is **ACCEPTED**, and the objections to the Report, are **OVERRULED**. For the reasons stated in the Report, Plaintiff's complaint, ECF No. 13, is **DISMISSED WITHOUT PREJUDICE** and Plaintiff's additional motions, ECF Nos. 23, 24, 28, & 30, are **DENIED** as moot.

**IT IS SO ORDERED.**

                                                          _s/Terry L. Wooten_
                                     Senior United States District Judge

November 28, 2022
Columbia, South Carolina