IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Gamble, #344426, <br> *a/k/a Charles Edward Gamble, Jr.*, <br><br> PLAINTIFF, <br><br> v. <br><br> Warden Kenneth Nelson, Warden Tonya James, Ms. Hendrix, and Dr. Kevin Burnham, <br><br> DEFENDANTS. | Civil Action No. 4:22-cv-02341-TLW <br><br><br> **ORDER** |

This matter concerns a recently dismissed civil action brought by Plaintiff Charles Gamble, proceeding *pro se* and *in forma pauperis*. ECF No. 13. Plaintiff brought this action pursuant to 42 U.S.C. § 1983 and alleged violations of his constitutional rights by the named Defendants. *Id.* Specifically, Plaintiff alleged that he was assaulted and suffered injuries as a result. *Id.* at 5–6. The focus of his action related to the issue of a delay in providing medical treatment to him ("two hours for transportation to the hospital"). *Id.* He does state he was "taken to medical," apparently at the institution, after the assault. *Id.* He further states that he was placed in an "unsafe facility." His complaint does not allege that prison officials had any knowledge of risks to his safety at the institution. As a result of the alleged assault, he asserted that his Eighth and Fourteenth Amendment rights were violated by Defendants. *Id.* at 4.

On November 28, 2022, the Court dismissed this case without prejudice after

entering an order, ECF No. 31, accepting the Report and Recommendation ("Report"), ECF No. 19, filed by United States Magistrate Judge Thomas E. Rogers, III. The Report recommended that the Court dismiss Plaintiff's complaint with prejudice because Plaintiff failed to state a claim upon which relief could be granted as to the defendants named in his complaint. Importantly, the Court noted that Plaintiff's complaint failed to allege that he was denied medical care and treatment or that there was deliberate indifferent to medical needs. Plaintiff acknowledges he received a medical evaluation at the institution and then medical care at the hospital on the day of the assault. He complains about a "two hour" delay before being transported to the hospital. Again, as to the assault, he does not assert prison officials were aware of any risk to him prior to the assault.

Additionally, both this Court's order and the Report identified the following factors to support the conclusion that Plaintiff had failed to state a claim: (1) Plaintiff's complaint was unclear as to who exactly Plaintiff intended to sue as defendants; (2) Plaintiff did not make specific factual allegations against the named individual defendants; (3) Plaintiff did not demonstrated that the officials named in his complaint personally caused or played a role in causing the deprivation of a federal right; (3) Plaintiff failed to state a claim of constitutional magnitude as related to his allegations regarding his post-assault provision of medical care; (4) Plaintiff's complaint failed to allege a claim of supervisory liability as to Defendants Wardens Nelson and James because no facts are alleged as to either personal involvement or supervisory liability; (5) Plaintiff's complaint failed to state a claim

with regards to his classification status and placement with other prisoners because an inmate does not have a constitutional right to be confined in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution, and (6) Plaintiff's deprivation of property claims was not cognizable § 1983 claims because deprivation of property by state employees is not actionable under § 1983. ECF Nos. 19 & 31.

On February 19, 2023, Plaintiff filed the instant Rule 60 motion to "reconsider its order denying his request to receive certain lab tests mentioned in its previous order." ECF No. 38 at 1. The Court has not located such an order in the record, and Plaintiff has not provided either a copy of the order or an entry number for the order. The Court will construe Plaintiff's motion as one to reconsider this Court's order dismissing the entirety of Plaintiff's case. Rule 60(b) of the Federal Rules of Civil Procedure authorizes a district court to relieve a party from a final judgment or order for the following reasons:

- (1) mistake, inadvertence, surprise, or excusable neglect;
- (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
- (3) fraud ..., misrepresentation, or misconduct by an opposing party;
- (4) the judgment is void;
- (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
- (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). With respect to motions under Rule 60(b), the Fourth Circuit has explained that "before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citation omitted). Once this "initial threshold" is crossed, the party "then must satisfy one of the six specific sections of Rule 60(b)" listed above. *Id.*

First, there is no order upon which the Court can reconsider its position. Second, upon careful review of Plaintiff's Rule 60 Motion and what it asserts, the Court finds that Plaintiff has not established that reconsideration of the Court's November 28, 2022 order adopting the Report is warranted under Rule 60(b) of the Federal Rules of Civil Procedure. Specifically, Plaintiff has not established the applicability of any of the six specific sections of Rule 60(b) that could justify a request for relief from a judgment. Plaintiff's Rule 60(b) motion seeks to re assert the allegations of his complaint. Those allegations have been considered by both the magistrate judge in his Report and by this Court in its November 28, 2022 order. His motion, therefore, does not provide a basis for this Court to reconsider its prior order and judgment. Accordingly, for these reasons, Plaintiff's Rule 60 Motion, ECF No. 38, is **DENIED.**

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

March 3, 2023
Columbia, South Carolina